IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10828
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS ALMANZA-MATA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CR-57-ALL
--------------------
December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Luis Almanza-Mata appeals the 57-month term of imprisonment imposed following his guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Almanza-Mata contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment. Almanza-Mata notes that he pleaded guilty to an indictment which

---

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recited only facts and elements supporting a charge of simple reentry under 8 U.S.C. § 1326(a), and argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.  Almanza-Mata acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  Almanza-Mata's argument is foreclosed.  The judgment of the district court is AFFIRMED.

In lieu of filing an appellee's brief, the Government has filed a motion to dismiss this appeal.  The Government's motion to dismiss is DENIED.  However, in light of our decision to affirm the district court's judgment, the Government need not file an appellee's brief.

AFFIRMED; MOTION TO DISMISS DENIED.